IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA BASS, Individually and as Executor of CRAIG BASS, Decedent, | ) ) ) |
| Plaintiff, | ) Case No. 23-cv-2-SMY ) |
| vs. | ) (Consolidated with 21-cv-485 [Master ) Consolidated Case], 22-cv-1661, |
| HONEYWELL INTERNATIONAL, INC., | ) 22-cv-2112, and 22-cv-2344) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Theresa Bass filed the instant lawsuit against Defendant Honeywell International, Inc. ("Honeywell"), asserting liability for violations of the Price-Anderson Act, 42 U.S.C. § 2210 *et seq.*, negligence, and wrongful death under the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.* and the Illinois Survival Act, 755 ILCS, 5/27-6. Honeywell moves for summary judgment (Doc. 127), which Bass opposes (Doc. 157). For the following reasons, the motion is **GRANTED**.

## Factual Background

Construed in the light most favorable to Plaintiff, the evidence and reasonable inferences establish the following facts relevant to the pending summary judgment motion: Decedent Craig Bass lived in Metropolis, Illinois for approximately 50 years (Doc. 127-4, at p. 3). His father worked at the Metropolis Works Facility until retiring in the 1990s (Doc. 127-1, at pp. 69-71). Decedent was diagnosed with multiple myeloma in 2014 and with liposarcoma in 2020 (Doc. 127-1, at pp. 54-55; p. 58). He died on February 1, 2021 following surgery-related complications from liposarcoma. *Id.* at p. 129.

In June 2018, Decedent signed a Retention Agreement with the Kruger Law firm to explore potential claims against Honeywell. *See* Doc. 127-2; Doc. 127-1, at pp. 140-141. The Retention Agreement states in relevant part:

> I am glad that you had the opportunity to talk us about the claims that you wish to pursue against Honeywell International, Inc. and/or others (collectively the "Potential Defendants") for damages that you claim to have sustained as a result of you or your property being exposed to radioactive material. The firms…are prepared to pursue a class action lawsuit on your behalf. The class you will represent consists of all persons whose o [sic] property was contaminated with radioactive material in connection with the operations of the Potential Defendants' facilities in Metropolis, Illinois…

Doc. 127-2, at p. 1.

Bass testified she believed her husband filled out a Radiation Investigation Questionnaire (Doc. 127-3) and Metropolis Health Survey (Doc. 127-4) in connection with his potential claims in 2018 (Doc. 127-1, pp. 146-147). The Radiation Investigation Questionnaire Decedent completed asked, among other things, whether he "suffered from any health problems which may be a result of exposure to radioactive materials." (Doc. 127-3). In the section of the Questionnaire regarding his cancer diagnosis, Decedent responded "cancer – multiple myeloma". *Id*.

The Metropolis Health Survey that Decedent completed stated that plaintiffs' counsel were "concerned about the possibility that radioactive contamination originating at [the Facility] may have increased the level of cancer in adults and genetic effects in children in your area," and asked for information regarding any cancer diagnosis (Doc. 127-4, at pp. 1-2). In the section of the Survey regarding his cancer diagnosis Decedent responded: "Multiple Myeloma." *Id.* at 2. Bass testified that she did not believe Decedent's healthcare providers ever told him that his cancers were related to radiation exposure from the Facility (Doc. 127-1, at p. 79).

The Thompson-Barney Law Firm and the Cooper Law Firm retained Dr. Phillip Plato as an expert in radiation dosimetry to evaluate radioisotopes found in the environmental samples

collected around the Facility (Doc. 157-1, ¶ 2). In his Declaration, Dr. Plato avers that Plaintiff's attorneys began investigating "whether the Metropolis Plant created a cancer risk for Mr. Bass" in August 2019 when results of "indoor household dust and outdoor soil sampling were sent to me." *Id*. at ¶ 5.5. The samples were sent to a radiochemistry laboratory to determine radioisotope concentrations in early 2020, and the results were received a few months later. *Id.*

Bass filed the instant lawsuit against Honeywell on January 3, 2023.

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

Illinois imposes a two-year statute of limitations on personal injury claims. 735 Ill. Comp. Stat. Ann. 5/13-202. In general, under Illinois law, the statute of limitations clock begins to run when facts exist that would authorize the bringing of a cause of action. Relatedly, "Illinois uses the discovery rule, so that the statute of limitations clock does not start running until the injured party knows or reasonably should have known both that she was injured and that her injury was wrongfully caused by another person." *See Stark v. Johnson & Johnson*, 10 F.4th 823, 828 (7th Cir. 2021). "The rule does not mandate that a plaintiff know with precision the legal injury that

has been suffered, but anticipates that plaintiff be possessed of sufficient information to cause plaintiff to inquire further in order to determine whether a legal wrong has occurred." *Healy v. Owens-Illinois, Inc.*, 833 N.E.2d 906, 910 (2005).

Similarly, under the Survival Act, the statute of limitations period is triggered on the date the decedent discovers the injury. *Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1077 (S.D. Ill. 2021) citing *Moon v. Rhode*, 67 N.E.3d 220, 230 (Ill. 2016). "This is because a survival action allows for recovery of damages for injury sustained by the deceased up to the time of death. *Id.* The representative steps into the shoes of the decedent and takes the rights of the decedent. *Id.* Thus, if the decedent would have been time-barred from pursuing a cause of action if he or she had survived, the representative is also time-barred." *Moon*, 67 N.E.3d at 230.

Regarding a claim under the Illinois Wrongful Death Act, courts have held that "a wrongful death action will only lie where the deceased had a claim that was not time-barred on or before his death." *Beetle v. Wal-Mart Assocs., Inc.*, 761 N.E.2d 364, 369 (2001) (collecting cases). If the decedent's cause of action is not time-barred, a plaintiff must file her action within the two-year statute of limitations which begins running on the date of the decedent's death. *Id.*

Honeywell moves for summary judgment, arguing the limitations period began running no later than upon Decedent's engagement of counsel in June 2018. Bass counters that neither she nor Decedent, undersigned counsel, nor their experts could have reasonably or even possibly known of the probable wrongful cause of Decedent's injuries and death until they could establish, at a minimum, that Decedent had ever suffered actual exposure to any level of radiation from the Facility.

For purposes of the discovery rule, "wrongfully caused" does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action. *Castello*

*v. Kalis*, 816 N.E.2d 782, 789 (2004). Rather, it refers to when the injured party learns that his injury may stem from another's negligence as opposed to natural causes. *Id*. That is enough for the law to expect the injured party to investigate a potential cause of action. *Id.* at 745.

Here, the evidence indicates Decedent had reasonable belief that his condition was wrongfully caused at the time of his initial visit to the law firm. In June 2018, Decedent was aware of his multiple myeloma diagnosis and wanted the Kruger Law Firm to investigate its potential connection with the Facility. At that point, he was on notice that his injuries may have been wrongfully caused. Moreover, in answering questions in the Radiation Investigation Questionnaire and the health questionnaire, Decedent indicated that his diagnosis may have been the result of exposure to radiation.

Based on this record, this case was not timely filed. Decedent's personal injury claims were time-barred at the time of his death in February 2021, and therefore, neither Bass' Wrongful Death Act nor Survival Act claims survive. Although plaintiff's counsel contends that they did not reasonably believe the Facility was the probable wrongful cause of the injury of any plaintiff or potential plaintiff who had ever consulted with them until February 2021, by that point the related class-action lawsuit had been pending for 33 months. Their arguments are belied by their actions. The undisputed material facts establish that Bass's attorneys collected samples in 2019, received the results from the radiochemistry laboratory in 2020, and did not file this lawsuit until January 2023.

Finally, Bass argues for an extension of the statute of limitations period due to Honeywell's alleged fraudulent concealment. Illinois extends the statute of limitations to five years when "a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto." 735 Ill. Comp. Stat. Ann. 5/13-215. To prove fraudulent concealment,

Case 3:23-cv-00002-SMY   Document 23   Filed 05/24/24   Page 6 of 6   Page ID #224

a plaintiff must show affirmative acts by the defendant to conceal the cause of action. *See Hagney v. Lopeman*, 147 Ill. 2d 458 (1992).

Similarly, the doctrine of equitable estoppel suspends the running of the statute of limitations during any period in which the defendant took certain active steps to prevent the plaintiff from suing. *Hollander v. Brown*, 457 F.3d 688 (7th Cir. 2006). "The test is whether, considering all the circumstances of the case, conscience and honest dealing require that the defendant be estopped." *Id*. Bass has provided no evidence that Honeywell prevented her or Decedent from investigating or filing claims against it. As such, neither theory can save her claim.

## Conclusion

For the foregoing reasons, Defendant Honeywell International Inc.'s Motion for Summary Judgment (Doc. 127) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:** May 24, 2024

**STACI M. YANDLE**
**United States District Judge**